UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| **U.S. Bank National Association,** | Civil No. 10-2367 (SRN/JJG) |
| **Plaintiff,** | |
| v. | **REPORT AND RECOMMENDATION** |
| **Direct Equity Mortgage, L.L.C.,** | |
| **Defendant.** | |

JEANNE J. GRAHAM, United States Magistrate Judge

This matter is before the undersigned on Plaintiff U.S. Bank National Association's Motion for Sanctions and Entry of Default Judgment (Doc. No. 31). The motion was referred to this Court in an Order of Reference dated March 8, 2011 (Doc. No. 37), pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons set forth below, the Court recommends that the motion be granted.

**I.      Background**

Plaintiff U.S. Bank National Association commenced this action on June 15, 2010 by filing a Complaint against Defendant Direct Equity Mortgage, L.L.C. in federal court. Briefly stated, the case involves three loans that Plaintiff bought from Defendant. (Am. Compl. ¶ 5.) Plaintiff then sold the loans to Freddie Mac, which determined the loans were defective and required Plaintiff to buy back the loans. (*Id.*) When Plaintiff tried to enforce Defendant's contractual obligations to buy back the loans or indemnify Plaintiff for its losses, Defendant refused. (*Id.* ¶ 6.) Plaintiff brings claims for breach of contract and indemnification.

Defendant actively participated in the case through the Rule 26(f) planning stage and filed answers to the Complaint and the Amended Complaint, but its participation stopped there.

As recounted in this Court's Order of February 2, 2011, Plaintiff served interrogatories and document requests on Defendant in November 2010. The parties agreed to extend the deadline to respond to January 7, 2011, but instead of providing responses, Defendant indicated that no discovery would be forthcoming and that it was considering whether to assent to a default judgment. (Leventhal Aff. ¶ 5, Mar. 7, 2011; Doc. No. 32.) Plaintiff then moved to compel discovery. Defendant did not respond to the motion, and the Court compelled it to respond to the outstanding discovery requests by February 21, 2011. The Court also warned Defendant that more serious sanctions could follow, including default judgment, if Defendant failed to comply with the Order.

Defendant did not provide the discovery as ordered, and Plaintiff filed the instant motion pursuant to Federal Rule of Civil Procedure 37. When Plaintiff's counsel emailed Defendant's counsel to notify him of the motion, Defendant's counsel replied, "Go ahead and make your motion to strike the answer. Direct Equity's position about ceasing operations has not changed." (Levanthal Aff. Ex. A, Mar. 7, 2011; Doc. No. 32-1.) Defendant did not respond to the motion. In accordance with District of Minnesota Local Rule 7.1(e), the Court struck the hearing from its calendar and considered the motion submitted without oral argument.

**II.     Discussion**

Federal Rule of Civil Procedure 37(b)(2)(A)(vi) authorizes a court to render default judgment against a party who fails to obey an order to produce discovery. The purpose of sanctions under this rule is "not merely to penalize those whose conduct may be deemed to warrant such a sanction, but to deter those who might be tempted to such conduct in the absence of such a deterrent." *Nat'l Hockey League v. Metro. Hockey Club, Inc.*, 427 U.S. 639, 643 (1976) (per curiam). A court need not "impose the least onerous sanction available, but may exercise its

discretion to choose the most appropriate sanction under the circumstances." *Keefer v. Provident Life & Accident Ins. Co.*, 238 F.3d 937, 941 (8th Cir. 2000) (citation omitted). Before a court may impose a dispositive sanction such as default judgment for a party's failure to comply with a discovery order, there must be "(1) an order compelling discovery; (2) a willful violation of that order; and (3) prejudice to the other party." *Id*. at 940 (considering whether the sanction of dismissal was proper).

The three requisite factors are met here. First, this Court issued an order compelling discovery on February 2, 2011. Second, Defendant willfully violated that order by failing to produce discovery despite a clear directive and admonition that it risked an entry of default judgment. Indeed, Defendant has indicated twice to Plaintiff that it did not intend to provide any discovery and that Plaintiff should proceed with a motion for sanctions and dispositive relief. Third, Plaintiff would be prejudiced if required to prosecute its claims without the benefit of discovery from Defendant.

The Court has considered imposing lesser sanctions, but finds that doing so would be futile. It is clear that Defendant has no intention of providing any discovery or defending itself against Plaintiff's claims. Accordingly, the Court concludes that an entry of default judgment is appropriate.

With respect to Plaintiff's request for an award of attorney's fees under Rule 37, a court may order a disobedient party to pay reasonable expenses, including attorney's fees, caused by the party's failure to obey a discovery order. Fed. R. Civ. P. 37(c). A court may also order the party to pay fees and costs caused by its failure to answer interrogatories. Fed. R. Civ. P. 37(d)(3). Both rules are applicable here. Accordingly, the Court also recommends that the

attorney's fees and costs incurred by Plaintiff in moving to compel and for default judgment be awarded as Rule 37 sanctions.

Plaintiff did not submit an affidavit of such fees and costs, nor has Plaintiff specified the amount of its damages. Plaintiff is therefore directed to submit an affidavit of attorney's fees and costs incurred in moving to compel and for default judgment, as well as an adequate basis for damages, within fourteen days.

### III. Recommendation

Based on all the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that Plaintiff's Motion for Sanctions and Default Judgment (Doc. No. 31) be **GRANTED**. Plaintiff is instructed to submit an affidavit of attorney's fees and costs incurred in moving to compel and for default judgment, as well as an adequate basis for damages, within fourteen days.


Dated: April 25, 2011                                         s/ *Jeanne J. Graham*

                                                              JEANNE J. GRAHAM
                                                              United States Magistrate Judge


### NOTICE

Pursuant to District of Minnesota Local Rule 72.2(b), any party may object to this Report and Recommendation by filing and serving specific, written objections by **May 10, 2011**. A party may respond to the objections within ten days after service thereof. Any objections or responses shall not exceed 3,500 words. The District Judge will make a de novo determination of those portions of the Report and Recommendation to which objection is made.